## G. ROSENTHAL, PLAINTIFF IN ERROR,

*v.*

## AUGUST SCHNEIDER, DEFENDANT IN ERROR.

A resident creditor of an insolvent debtor cannot collaterally attack the discharge of the latter under the Territorial Insolvent Act, on the ground of fraud in obtaining the discharge; especially when, as is the case at bar, it is not shown the creditor was without knowledge or notice of the alleged fraud at the time of the adjudicati᠎n of insolvency

ERROR, to the Second District, holding terms at Olympia.

*P. P. Carroll,* and *McNaught, Ferry, McNaught, & Mitchell,* for Plaintiff in error.

A discharge in an insolvency proceeding may be attacked collaterally for fraud, and also when the District Court has not obtained jurisdiction. A petition by the insolvent is necessary to give the District Court jurisdiction. (Laws of Washington Territory, 1866-7, p. 83, Sec. 31 ; *Chever* v. *Hays,* 3 Cal. 471 ; *Carpentier* v. *Hart,* 5 Cal. 406 ; *McAllister* v. *Strode,* 7 Cal. 428 ; Kerr on Fraud, Am. ed., 293 ; Duchess of Kingston Case, Smith's Leading Cases, 4th Am. ed., Vol. 2, p. 503 ; Pomeroy's Equity Jurisprudence, Vol. 2, Sec. 919 ; *Bennett* v. *His Creditors,* 22 Cal. 38 ; *Ellsassar* v. *Hunter,* 26 Cal. 279 ; *Imlay* v. *Carpenter,* 14 Cal. 173 ; *Langenour* v. *French,* 34 Cal. 92 ; *Friedlander* v. *Loucks,* 34 Cal. 18 ; *Brewster* v. *Lindekins,* 19 Cal. 162 ; *Grignon's Lessees* v. *Astor,* 2 Howard, 319 ; *Webster* v. *Reid,* 11 Howard, 437 ; *In re William Archmbrown,* 11 National Bankruptcy Register Reports, 149 ; Bankrupt Law of 1867, Sec. 34 ; Sec. 5120 Revised Statutes, United States ; Bankrupt Law of 1841 ; *Stevens* v. *Brown,* 11 Bankruptcy Register Reports, 568 ; *Brewster* v. *Hill,* 1 Denio, 75 ; *Robinson* v. *Wadsworth,* 8 Metcalf, 67 ; *Breckman* v. *Wilson,* 9 Metcalf, 434.) As to the construction of the statute : (22 Pickering, 573).

*John P. Judson* and *C. H. Hanford,* for Defendant in error.

A discharge in insolvency is a judgment. (*Kohlman* v. *Wright,* 6 Cal. 230.)

The judgment is a domestic judgment, and cannot be collater-

ally assailed for fraud by plaintiff in error, he being a party to the judgment. (Freeman on Judgments, Secs. 132, 334 ; *Smith* v. *Smith*, 22 Iowa, 516 ; 3d Abbot's National Digest, Secs. 138 –140 ; Bigelow on Estoppel, pp. 132–139 ; Vol. 6th Wait's Actions and Defenses, pp. 767, 807, Secs. 11, 1, 2, 3, 4 ; American Leading Cases, Vol. 2, p. 737 ; *Rusher* v. *Sherman*, 28 Barb. 416, cited in Vol. 2, Wait's N. Y. Digest, p. 874 ; *Jordan* v. *James*, 2d Hawks, 110, cited 2d Vol. U. S. Digest, p. 182 ; Bigelow on Fraud, 176.)

The Code does not change the common law rule as to judgments. (Code of Washington, Secs. 1, 2044 ; Dwarris on Statutes, 143 –146; Dwarris on Statutes, 185–186 ; 1st Bishop Criminal Law, Secs. 176–189 ; 1st Bishop Criminal Law, Sec. 193.)

Opinion by WINGARD, Associate Justice.

The plaintiff in error brought his action for the recovery of money against the defendant in error, in the District Court. The defendant set up his discharge under the " insolvent debtors' " act, in bar of the plaintiff's claim.

The plaintiff replied that the discharge was obtained by fraud, and therefore void ; but failed to allege that the fraud was unknown to him, or that he had no notice of the same at the time of the adjudication of insolvency. A demurrer was interposed to this reply, which the Court below sustained, and this is the error complained of. While we are not unanimous as to the proper construction to be given to Section 2044 of the Code, we are agreed that the judgment of the Court below was not error, and it is therefore affirmed.